## WIRE v. FOSTER.

1. **Sale of Corn to be Delivered:** ACTION FOR NON-DELIVERY: DEMAND AND TENDER. Before one can recover damages for the non-delivery of corn contracted for, where no part of the price has been paid, he must tender the contract price and demand the corn.

2. ———: ———: MEASURE OF DAMAGES. Where defendant sold and agreed to deliver to plaintiff at his farm a few miles from S. certain corn, to be paid for when delivered, at the market price, *held* that, since the law presumes that plaintiff could have gone into the market and bought the corn at the market price, he was not damaged by defendant's failure to deliver, (*Boies v. Vincent*, 24 Iowa, 387,) and the fact that the quantity of corn contracted for was not in the market at S. at the time fixed for delivering is not material.

3. **Practice in Supreme Court:** NO REVERSAL FOR NOMINAL DAMAGES. Where an error on the trial of a cause works only nominal damages to appellant, a reversal will be denied. *Watson v. Van Meter*, 43 Iowa, 76, followed.

4. ————: CAUSE REVIEWED AS TRIED BELOW. Where in the court below the defendant filed an answer denying each allegation of the petition, and afterwards the plaintiff amended his petition, and the court and the parties agreed in considering the denials of the answer as applying to the amendment as well as to the original petition, this court will also regard the allegations of the amendment as being put in issue by the answer, though no additional answer was filed.

*Appeal from Buena Vista Circuit Court.*

FRIDAY, OCTOBER 19.

ACTION to recover for hay wrongfully converted by the defendant to his own use, and to recover damages by reason of the defendant's failure to deliver corn as he contracted to do. Trial by jury, verdict and judgment for the defendant, and plaintiff appeals.

*Robinson & Milchrest*, for appellant.

*Gregory & Bailie*, for appellee.

SEEVERS, J.—I. The undisputed evidence shows that the defendant agreed to sell to the plaintiff some corn, then on a farm, at the market price. The evidence was conflicting as to the quantity of corn, but the plaintiff testified that he purchased three hundred bushels. No part of the purchase money was paid when the contract was entered into. There was evidence tending to show that the contract price was the market value of corn at Storm Lake. The place of delivery was several miles distant from Storm Lake, and the evidence tended to show that it was worth three or four cents per bushel to haul corn from Storm Lake to the farm. If there was any evidence tending to show the value of corn at the place of delivery at the time the tender and demand were made, we have been unable to

*1. SALE of corn to be delivered: action for non-delivery: demand and tender.*

discover it.   Before the plaintiff could maintain an action for the corn, or rather before he was entitled to damages because of its non-delivery, it was incumbent on him to tender the contract price and demand the corn.   He claims that he did this.   But the court in substance instructed the jury 2. ——:——: that, as the contract price was the market price, measure of damages.   the plaintiff was not damaged by the defendant's failure to deliver the corn; and this we understand to be the rule adopted in this state.   *Boies v. Vincent*, 24 Iowa, 387. Counsel for the appellant concedes this, but he insists that the rule is based on the thought that the party can go into the market and purchase at the market price, and that, therefore, he is not damaged; but that the rule does not apply where, as in this case, as the plaintiff claims the evidence tended to show, the quantity of corn contracted for could not be had at the place designated—that is, at Storm Lake.   We think this immaterial.   The plaintiff was required to tender the contract price before he could maintain an action for damages.   If he did this, it necessarily follows that he was not damaged by the failure to deliver the corn, for he was compelled to tender the same amount of money that would be required to go into the market and purchase the corn. While the evidence tended to show that it was worth three or four cents per bushel to transport the corn from Storm Lake to the farm, the evidence, as we have stated, fails to show what corn was worth at the farm.   It may have been worth less than in Storm Lake.   But if the plaintiff is entitled to recover the price of hauling, his recovery would be for a 3. PRACTICE in supreme nominal amount, and we have declined to reverse, court: no reversal for where the error involved no more than nominal nominal damages.   damages.   *Watson v. Van Meter*, 43 Iowa, 76. We believe the instruction to be correct, and, for the reasons stated, the court did not err in sustaining the demurrer to the first amendment to the petition.

II. The issue as to the hay, with the exception to be

presently stated, was fairly submitted to the jury, and on
4. ——— : cause review- such issue they have found for the defendant.
ed as tried be- low. We deem it sufficient to say that we cannot dis-
turb the finding. The first count in the petition seeks to re-
cover for a conversion of the hay, and the fifth count alleges
that a portion of the hay was converted to the defendant's
use, and the remainder so left that it was utterly ruined by
the storms. Counsel for the appellant say that no answer
was filed to the fifth count. If this be so, no default was
asked or entered. But we understand the answer to deny
each allegation in the petition. The fifth count to the peti-
tion was filed after the answer, but it is evident that the par-
ties and the court regarded the answer as putting in issue all
the allegations of the pleadings filed by the plaintiff. This
question was not raised below, and must be disregarded in
this court. Appellant further says that the court failed to
instruct the jury as to the issue presented by the fifth count.
A portion of the eleventh instruction is as follows: "If you
believe that the hay belonged to the plaintiff, and that the
defendant converted only a portion of it, but left the balance
in such shape that it rotted and was rendered worthless, then
he is liable for the value of the whole stack, although he may
have taken only a part of the stack." It is evident that
counsel overlooked this part of the instruction.

. AFFIRMED.