THE LAPORTE IMPROVEMENT COMPANY, Appellant, v. CHARLES BROOK.

**Breach of Contract:** PROXIMATE DAMAGES. Loss of rent resulting from delay in completion of a building, caused by failure to furnish bricks within the time specified in a contract, is not an element of damages recoverable for the breach, where the petition does not show that the plaintiff could not have readily purchased needed brick in the market at the time the defendant failed to deliver them, even though the contracting parties knew that the building was to be rented.

**Purchase Under Guaranty:** WAIVER BY ACCEPTANCE. A breach of the guaranty in a contract to furnish brick, "that the brick shall be good building brick in every respect," is not waived by the mere acceptance of inferior brick, and the payment of installments of the contract price, which, by the terms of the contract, were due when the specified number of brick "shall have been burned out and found according to the agreement." The buyer had the right to take the brick under guaranty, and then to recover for the breach of the guaranty.

*Appeal from Black Hawk District Court.*—HON. J. L. HUSTED, Judge.

FRIDAY, OCTOBER 23, 1896.

ACTION at law to recover damages for alleged breaches of contract. The defendant sought to recover on a counter-claim. At the conclusion of the evidence for the plaintiff, the court directed a verdict for the defendant, and rendered judgment in his favor. The plaintiff appeals.—*Reversed.*

*Mullan & Pickett* for appellant.

*J. D. & C. Nichols* for appellee.

ROBINSON, J.—In March of the year 1891, the parties to this action entered into an agreement in writing, of which the following is a copy: "*This agreement,* made and entered into this 14th day of March, 1891, by and between Charles Brock, of Benton county, Iowa, party of the first part, and the Laporte Improvement Company, of Black Hawk county, Iowa, witnesseth: That the said party of the first part, hereby agrees to furnish the party of the second part, one hundred and seventy-five thousand (175,000) bricks, or as many more as may be necessary to build or complete four (4) brick buildings now contemplated building by said improvement company in Laporte City, Black Hawk county, Iowa. Said party of the first part hereby agrees and guaranties the said brick shall be good building bricks in every respect, and that they shall be delivered to said improvement company, pitched to wagon, at or within one mile from the place of erection of said contemplated buildings in Laporte City, and that said bricks shall be so delivered to said Co. on or before the 15th day of June, 1891. And the said improvement company, in consideration of the faithful fulfillment of above agreement on the part of the party of the first part, hereby agrees to pay the said Chas. Brock at the rate of six dollars and fifty cents ($6.50) per

thousand bricks, as follows: When the first kiln, containing not less than one hundred thousand bricks (100,000), shall be burned and found according to agreement herein, promise to pay said Brock the sum of five hundred dollars ($500.00), and, when a second like kiln is completed, to pay said Brock five hundred dollars ($500.00) more, and the balance which may be due the said Brock under the agreement to be paid him on the completion of the brick work of said contemplated buildings. Witness our hands and seals this 14th day of March, 1891. Chas. Brock. Laporte Improvement Co., by W. A. Walker, President. W. W. Hamilton, P. Bowman, Committee." Under this contract the defendant delivered to the plaintiff one hundred and ninety-two thousand eight hundred and eight bricks, the price of which, estimated according to the agreement, amounted to one thousand, two hundred and fifty-three dollars and seventy-two cents. Of that amount the defendant has been paid one thousand dollars, and it is admitted that, if the plaintiff has no cause of action against the defendant, he is entitled to recover on his counter-claim the unpaid balance of two hundred and fifty-three dollars and seventy-two cents, with interest, and the judgment rendered in his favor was for that amount.

I. The fourth count of the petition, as amended, seeks to recover, for the failure of the defendant to furnish bricks at the time required by the agreement, the rental value of two storerooms contained in the building for the time they were vacant after the first day of September, 1891. The count avers that the buildings for which the defendant agreed to furnish bricks were to be erected to rent as storerooms, and that he had full knowledge of that fact when he entered into the agreement; that, if he had furnished the bricks at the time agreed upon, the buildings

would have been completed by the first day of September, 1891; that, relying upon this agreement, the plaintiff leased the two storerooms, but that the defendant failed to furnish the bricks as agreed, in consequence of which the completion of the buildings was delayed, and the plaintiff lost rents to the amount of two hundred dollars and eighty-two cents. Judgment for that amount is demanded. A demurrer to that count was sustained. The grounds of the demurrer were, in substance, that the loss of rents was not the natural or direct result of the alleged breach of contract, and not the damages contemplated by the parties when they entered into the agreement. It is the general and well-settled rule that where a contract to deliver goods at a certain price is broken, and the price is not paid before the time for delivery, the proper measure of damages is the difference between the contract price and the market price at the time the delivery should have been made. *Cannon v. Folsom,* 2 Iowa, 110; 1 Sutherland, Dam. (2d Ed.) section 46, 51. And the reason for this rule is that, if the goods are not delivered as required by the agreement, the purchaser, not having parted with his money, can go into the market and buy. *Boies v. Vincent,* 24 Iowa, 393; 2 Benjamin, Sales, section 1117. The general rule does not apply where the property contracted for, is designed for a special purpose, known to the seller, and cannot be readily procured in the market. In such cases, where the seller fails to deliver the property, he is liable for such damages as naturally result from conditions known to him at the time his contract was made. Thus, the measure of damages for the breach of a contract to deliver machinery to be used in propelling a boat is the rental value of the boat while it cannot be used, in consequence of the breach. *Brownell v. Chapman,* 84 Iowa, 504 (51 N. W. Rep. 249). See, also, *Novelty*

*Iron Works v. Capital City Oat Meal Co.*, 88 Iowa, 530 (55 N. W. Rep. 518); *Abbott v. Hapgood*, 150 Mass. 248 (22 N. E. Rep. 907); *Vickery v. McCormick*, 117 Ind. 594 (20 N. E. Rep. 495); *Benton v. Fay*, 64 Ill. 417; *Parsons v. Sutton*, 66 N. Y. 98; 2 Benjamin, Sales, section 1335; Id. (2d Ed.), section 51; 1 Sutherland, Dam. (2d Ed.), sections 663, 702.    We are of the opinion that the sale in question falls under the general rule first stated.    The petition does not show that the plaintiff could not readily purchase in the market the bricks it needed at the time the defendant failed to deliver them.    That being the case, it must be presumed that they could have been so purchased, and that the damages which would result from a breach of the contract contemplated by the parties when they entered into it were the difference between the contract price and the market price at the time the breach of contract should occur.    The demurrer was, therefore, properly sustained.

II.    The plaintiff purchased at Shellsburg fifty-seven thousand bricks, at seven dollars and fifty cents per thousand, for use in completing the building, and now seeks to recover the difference between the contract price and the price paid for the bricks so obtained, or fifty-seven dollars.    After all the evidence had been submitted, the court sustained a motion of the defendant to strike out all the testimony of witnesses which related to the purchase of bricks in Shellsburg, and the price paid therefor.    The testimony thus stricken out showed the purchase of the bricks in Shellsburg as stated, and that they were delivered at the buildings in Laporte; that the defendant had no bricks ready for use at that time; and that those purchased were needed, when obtained, to avoid delay in completing the building.    It is not shown by direct evidence that other bricks could not have been purchased in

Laporte, nor that the price paid was the market price. The contract of the defendant required him to deliver the bricks on or before the fifteenth day of June, 1891; and it was stipulated by the parties during the trial, that the fair market value in Laporte of bricks of the quality contracted for on that date, and when the bricks were delivered by the defendant, was six dollars and fifty cents per thousand. It is claimed by the defendant that it appears from this that the plaintiff is entitled to only nominal damages for his failure to deliver the bricks in question, and that the judgment on this count should not be reversed, even though the court erred in striking the testimony. The case of *Wire v. Foster*, 62 Iowa, 114, (17 N. W. Rep. 174), is cited in support of that claim. It is not our practice to reverse a judgment for an error which deprives the appellant of nominal damages only, and we should not be inclined to reverse the judgment in this case if no other questions were presented. But there was testimony—somewhat in the nature of conclusions, it is true, but given without objection—to the effect that it was necessary to purchase bricks in Shellsburg at the price stated, in order to prevent delay in completing the building, and the stipulation as to price only applied to June 15, 1891, and the time when defendant delivered bricks, not to the time of the Shellsburg purchase. In view of the conclusions we reach on another branch of the case, we are of the opinion that there should be a new trial on this count.

III. The evidence showed that the bricks delivered by the defendant were not good building brick, as required by his contract, but that they were of an inferior quality, poorly burned, and worth in Laporte only from four dollars and fifty cents to five dollars per thousand. The plaintiff seeks to recover the difference between the value of those which were delivered and

the same number of the quality demanded by the contract. The defendant contends that, although it specified the kind of bricks which were to be delivered, yet it provided that the quality of the bricks should be determined before delivery, and that by accepting the bricks, the plaintiff waived the right to object to the quality. This was the theory upon which the motion to direct a verdict was sustained. We do not think it is sound. The provision of the contract which guarantees that the bricks "shall be good building brick in every respect," does not rest upon any condition, but is absolute. The contract does not in terms, or by necessary implication, make the acceptance of the bricks conclusive evidence that they are of the kind and quality required by the contract. The provisions requiring payment of five hundred dollars when a kiln of one hundred thousand bricks shall have been burned and "found according to agreement," and the payment of the same amount "when a second like kiln is completed," fixed times when portions of the contract price should be due, but did not give to the mere acceptance of the bricks the effect of a waiver of the right of the plaintiff to object thereafter to their quality. Not only is this the proper interpretation of the contract, but the evidence tends strongly to show that there was no waiver in fact. No inspection of the first kiln was made until after several loads of the bricks had been hauled, they were poor and unsatisfactory, and members of the building committee which represented the plaintiff, then made some investigation. They could not ascertain much in regard to the bricks, but were assured by the defendant that the interior ones would prove to be better than those which had been delivered. When the second kiln had been burned, representatives of the plaintiff examined it, but could ascertain but very little about the quality

of the bricks. One of the representatives expressed doubt as to the quality, but was assured by the defendant that nothing could be told in regard to it until the kiln was opened. The testimony given on this branch of the case was sufficient to show that nothing done on behalf of the plaintiff should be given the effect of a waiver of its right to insist upon the guaranty that good building bricks alone should be delivered. It was the right of the plaintiff to reject the bricks, or to accept them and recover damages sustained by the breach of contract. *Jackson v. Mott*, 76 Iowa, 263 (41 N. W. Rep. 12); 2 Benjamin, Sales, section 1348. It elected to accept the bricks and rely upon the guaranty of quality. The issues in regard to a breach of the guaranty should have been submitted to the jury.

IV. The third count of the petition sought a recovery for the increase in the cost of laying the bricks furnished, caused by their inferior quality. No claim for such a recovery is made in this court, and it must be considered as abandoned. So far as the judgment of the district court is founded upon that, and the count to which the demurrer was sustained, it is affirmed. So far as it involves the issues presented by the other counts of the petition, it is REVERSED.