J. D. & T. L. Wolfe, Appellees, v. A. P. Knapp, Administrator of the Estate of James E. Knapp, deceased, Appellant.

**Estates of decedents:** CLAIM OF PHYSICIAN: LIMITATIONS: STATUTES. Where an estate is unsettled and solvent, a physician's claim for services rendered deceased in his last sickness is not barred because not filed within twelve months from the publication of the administrator's appointment.

*Appeal from Linn District Court.*— Hon. J. H. Preston, Judge.

Monday, May 8, 1905.

The opinion states the case.— *Affirmed.*

*Voris & Hass,* for appellant.

*Redmond & Stewart,* for appellees.

Weaver, J.— James E. Knapp died intestate in Linn county, Iowa, December 11, 1901, and on December 28, 1901, defendant was duly appointed administrator of his estate. Notice of such appointment was duly published as provided by law; the first publication being made December 30, 1901. On March 21, 1903, the plaintiffs, who are physicians, filed their bill and claim for services rendered to the deceased in his last sickness. Upon the hearing in the trial court it was conceded that the estate was still unsettled and was entirely solvent, that the services charged for by the plaintiffs were in fact rendered, and that the prices charged

therefor were reasonable. The district court found for the plaintiffs, and established their claim against the estate, and the administrator appeals.

The sole defense relied upon in the court below and in this court is that the claim is barred by the statute of limitations specially applicable to claims against estates of deceased persons. Turning to the statute, we find that by Code, section 3347, it is provided that " as soon as the administrator is possessed of sufficient means over and above the expenses of administration he shall pay off the charges of the last sickness and funeral of the deceased, and next any allowance made by the court for the maintenance of the widow and minor children." Section 3348 provides that: " Other demands against the estate shall be payable in the following order: (1) Debts entitled to preference under the laws of the United States; (2) public rates and taxes; (3) claims filed within six months after the first publication of the notice given by the administrator of his appointment; (4) all other debts; (5) legacies and distributive shares." The special limitation made applicable to claims against such estates is found in section 3349, which reads as follows: " All claims of the fourth of the above classes not filed and allowed or if filed and notice thereof as hereinbefore provided is not served within twelve months from the giving of the notice aforesaid, will be barred." While conceding that plaintiffs' claim comes within the preferred class, appellant takes the ground that, by failure to file such claim within the first six months, it was relegated to the fourth class mentioned in Code, section 3348; and, failing to file it within the year provided for claims of that class, it is barred, under the terms of section 3349. In other words, it is argued that the preference given by the statute is waived or lost if the claim be not duly filed within the limit above mentioned. We are of the opinion that the statute will not bear this construction. But for the limitation contained in the Code provisions above referred to, and the general

statute of limitations, any just claim proved and presented at any time before final settlement of the estate would be entitled to allowance. To exclude plaintiffs' claim, which is admitted to be just and unpaid, and to have been presented before final settlement of the estate, we must find that it comes within the bar of the statute. Now, as we have seen, the law provides that, subject to the expenses of administration, the charges arising from the last sickness and funeral of the deceased, and allowance made for the maintenance of the widow and minor children, shall be first paid. All "*other* demands against the estate" are then separated into five classes: (1) Preferred claims of the United States; (2) public rates and taxes; (3) claims filed within the first six months of administration; (4) all other debts; and (5) legacies and distributive shares — which classes are entitled to priority in the order named. The only time limitation beyond which claims cannot be filed and proved is that which is expressly provided in Code, section 3349, and the limitation which may be implied from the general provisions of the statute for final settlement and the distribution of the estate after the expiration of one year. The limitation contained in section 3349 is expressly made applicable to "claims of the *fourth* of the above classes" mentioned in section 3348. Under the provisions above cited, creditors of the preferred class, to which plaintiffs belong, were entitled to be first paid in full, even though it exhausted the entire estate. Other claimants and creditors were then entitled to be paid, in the order of their classification, from the assets remaining after satisfying the preferred creditors.

For the purposes of the argument, it may be conceded, as the administrator contends, that the preferred claims should be filed for allowance in the manner required for the allowance of other claims against the estate. It may also be conceded that failure to file and prove such claim within six months or twelve months may sometimes operate to de-

feat the preference to which it would otherwise be entitled, but not because such preferred claim is barred under the rule of Code, section 3349. For instance, if the estate be insufficient to pay all creditors in full, and the physician or other preferred creditor neglects to file his claim until more than a year of administration has passed, and distribution is made or ordered on the basis of the claims appearing on file, he may well be held estopped by his own laches from coming in at such a late day and insisting upon his priority. But where the estate is entirely solvent, and the rights of no other creditor are in any manner prejudiced by the delay, it will not lie in the mouth of the administrator to object to payment because the demand was not presented more promptly.

The classification of which we have been treating is primarily for the benefit and protection of creditors, and not merely of the administrator; and, if the former be not prejudiced by the belated payment of the preferred claim, the latter should not be permitted to escape an honest debt, for the satisfaction of which it is admitted he has ample funds of the estate in his hand. The case of *Kells v. Lewis,* 91 Iowa, 128, cited by appellant, is in no wise inconsistent with this holding. In that case the estate was insolvent, and the plaintiff, having a claim provable in the fourth class, sought to have it advanced to the third class because of certain alleged equities. The relief was denied, the court saying " The advancement of the claim from the fourth to the third class raises a question between creditors as to priority where an estate is insolvent, and, in our opinion, the statute absolutely prohibits any such demand by a fourth-class creditor." No such question is involved in the present case. Here all creditors are fully provided for, and the plaintiffs stand in no worse position than if they were the sole and only persons presenting claims against the estate.

Such being our view of the law as to the effect of the limitation contained in Code, section 3349, and no other

question being raised by the appeal, it is ordered that the judgment of the district court be *affirmed*.