J. C. HARTER, Administrator, Appellant, v. C. A. HARTER, Appellee.

APPEAL AND ERROR:   Review, Scope of—Hearing in Probate.
1   Hearings on claims in probate are at law, with the consequence that findings of fact by the court have the force and effect of a jury finding.

EXECUTORS AND ADMINISTRATORS:   Presentation and Allow-
2   ance of Claims—Belated Presentation.   Claims in probate against *solvent* estates may be presented, proved, and allowed, as late as the time of hearing on the administrator's final report.   So held

in the case of a husband's claim for expenses attending the sickness and burial of his wife.

*Appeal from Davis District Court.*—SENECA CORNELL, Judge.

DECEMBER 11, 1917.

THE opinion sufficiently states the case.—*Affirmed.*

*Payne & Goodson,* for appellant.

*Taylor & McCash,* for appellee.

WEAVER, J.—Sarah A. Harter died intestate November 16, 1913. She was survived by her husband, C. A. Harter, and two children, J. C. Harter and Gertrude Emmanuel. The estate left by the deceased wife and mother consisted principally of 3 promissory notes, 2 of which, of the aggregate principal sum of $2,650, had been made to her by her son, J. C. Harter, and the third, for the principal sum of $425, by her daughter, Gertrude Emmanuel. It appears quite satisfactorily that, soon after the death of the intestate, the surviving husband and the son and daughter had some sort of an agreement or arrangement by which the estate and its business should be settled without probate proceedings, and to that end the husband took charge of such settlement and took or had possession of the notes. It seems to have been understood between the parties that the husband should waive any claim he had to share in the estate, and that, after paying all proper charges against it, what remained should be divided equally between the son and daughter. Acting, as he claims, in pursuance of that agreement, he surrendered to the daughter the note given by her, and at the same time endorsed upon one of the notes given by the son an equal amount, increased by certain payments made by the son to defray some of

1. APPEAL AND ERROR: review, scope of: hearing in probate.

the charges against the estate.  There were some other transactions between father and son with reference to their mutual personal claims or demands, which serve to obscure somewhat the merits of their present dispute, but are still readily capable of adjustment.   It is true that, as witnesses, the son and daughter seem to deny any agreement on their part that defendant should undertake the settlement of the estate out of court, but in this respect we think the preponderance of evidence is with the defendant.   It is practically conceded at least that they both permitted him to proceed in that manner, and for a considerable period dealt with him on the theory that he was acting in that capacity.   It appears, however, that, after a lapse of several months, the son and daughter discovered, or thought they discovered, that their father was courting the favor of a certain marriageable woman with a view to matrimony, and feared that, if he had not done so already, he very likely would give to her or expend upon her some portion of the property, and thereupon, to prevent this disaster, the son secured his own appointment as administrator of his mother's estate, and thereafter the father insisted upon his legal share therein.   In due time the son, as administrator, filed a final report, to which the defendant made objections.  Pending the ruling upon these objections, the administrator filed a substituted report, by which it appeared that, upon making all proper charges and credits, there remained in his hands for distribution: To C. A. Harter, $456.86; to J. C. Harter, $510.12; to Gertrude Emmanuel, $575.03.

Upon hearing the evidence, the court ordered the final report amended in certain respects.  These changes are in most respects unimportant, except with reference to the amount to be distributed to C. A. Harter.  The administrator had charged against the distributive share of C. A. Harter the aggregate amount of $615.64, and gave him no credit for what he had paid for the expenses of the sick-

ness and burial of the deceased, or for one or two other minor items. The trial court found him entitled to these credits, and, upon adjusting the account upon this basis, ordered that the amount to be charged against the distributive share of the defendant be reduced to $95.40. Upon the basis of the report as thus ordered amended, the court directed the administrator to distribute the fund shown to be in his hands. It is from this final order that appeal has been taken.

We shall waste no space in a discussion of the testimony or in demonstration of its preponderance. The proceeding is at law, and the finding of the trial court is to be accorded the force and effect of a jury verdict. Aside from the legal proposition hereinafter mentioned, the decision of the controversy depends solely upon questions of fact, which, for the purposes of the appeal, are to be considered as conclusively found in favor of the appellee.

2. EXECUTORS AND ADMINISTRATORS: presentation and allowance of claims: belated presentation. The question of law upon which the appellant largely grounds his assignment of error is that, as the husband had not formally filed a claim for the expenses of his wife's sickness and burial, the court could not properly consider it or allow him credit therefor in distributing the estate. If he was otherwise entitled to such credit,—and of this there is no serious dispute,—it would seem that the presentation of the claim at the administrator's accounting and his demand then made for credit accordingly would be a sufficient filing to entitle it to consideration, where, as here, it is conceded that the estate is perfectly solvent, and the rights of creditors are in no manner prejudiced or delayed. It has been held that, under such circumstances, preferred charges of this nature are not barred by a failure to present them within the first six months. *Wolfe v. Knapp,* 127 Iowa 479. Had the husband

been the administrator, we see no good reason why, in his final accounting, he would not have been entitled to charge and retain from the funds of the estate whatever amount he had expended from his own funds for funeral expenses, even though he had never gone through the form of filing a separate formal claim for allowance. Indeed, we think that is the usual and ordinary method adopted for the adjustment of such claims, and if, as administrator, he could rightfully bring his alleged credit in this respect to the attention of the court in his final report, there would appear to be no valid reason why he may not make use of his claim in a similar manner when it comes to a matter of accounting with the administrator for the ascertainment of his share in the distribution of the estate. In this manner, he gets no more than he would be entitled to had he presented his claim in another manner, and the due and proper share of the other distributees is in no wise decreased. Indeed, as long as the estate is solvent and unsettled, it may be charged with payment of expenses of this nature; for they are not subject to the time limitations provided in Code Section 3348, but are governed by the provisions of the preceding section, 3347.

We find no good reason for disturbing the judgment of the trial court. The case is one less remarkable for its intrinsic merits than for its display of bad blood between father and children, and the necessity under which counsel seem to labor to draw liberally upon their reserve stores of denunciation. It is enough for us to say that no reversible error is shown, and the judgment appealed from is—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.