*In re* ESTATE OF WONN.

1. **Estates of Decedents:** ORDERS: ORAL OBJECTIONS: APPEAL. In an application by an administratrix for an order to have certain debts which she had paid without authority treated as claims of the third class, the record shows that certain creditors, without filing any written pleading, objection or exception, appeared and denied the right of the applicant to the order which she sought,

and offered evidence, without objection; that the court found that they were creditors of the estate, of the third class, and made a finding of record of certain material facts, and an order granting the prayer of the applicant, to which finding and order they excepted. *Held* that the administratrix could not in this court for the first time object that they were not parties to the cause, and on that ground ask for a dismissal of their appeal. (See opinion for citations.)

2. ———: PAYMENT OF CLAIMS NOT FILED: RELIEF BY ORDER OF COURT: PRIORITY. An administratrix, within three months after notice of her appointment, paid in full certain claims against the estate, which, if they had been duly filed within six months after such notice, would have been valid claims of the third class. This she did upon the assurance of the owners of the claims that they would file them within that time; but they failed so to file them. The estate proved to be insolvent, and she made an application to the court to have the claims so paid by her treated as claims of the third class. To this application certain creditors holding duly-filed claims of the third class objected. The court, however, made the order, but allowed the administratrix credit only for *pro-rata* dividends on account of the payments she had made. *Held* that the order was not erroneous, because, though the claims were not filed in time, they were presented and allowed in time for claims of the third class; and the spirit of the statute having been satisfied, and the objecting creditors not having been prejudiced by the omission of the technical act of filing, they have no reason to complain. (See opinion for citations.) [GRANGER, J., *dissenting.*]

*Appeal from Davis District Court.*—HON. H. C. TRAVERSE, Judge.

FILED, JUNE 5, 1890.

APPLICATION for the allowance of certain claims against the estate of decedent as of the third class. From an order making the allowance as prayed, certain creditors of the estate appeal.

*S. S. Carruthers*, for appellants.

*Payne & Eichelberger*, for appellee.

ROBINSON, J.—H. A. Wonn died on the twenty-sixth day of July, 1888, and Sarah E. Wonn was appointed administratrix of his estate. She published

notice of her appointment, the first publication being made on the second day of August, 1888. In October of the same year, she paid in full certain indebtedness of the decedent, amounting in the aggregate to $1,099.53, made up of the following items : One note to the State Bank for $230.10 ; amount due as treasurer to the district township of Soap Creek, $668.43 ; orders and checks paid on account of the district township, two hundred and one dollars. The estate of decedent is insolvent. On the twentieth day of April, 1889, the administratrix filed a report and application in the proper court which showed the payment of the sums aforesaid ; that when she paid them the parties to whom they were paid agreed to file claims for such sums within six months from the first publication of the notice of her appointment, but that they had failed to do so. The application asks that the claims aforesaid be treated as of the third class, and that the proper order to that end be made. The district court ordered that the claims be treated as of the third class, and that the administratrix be allowed credit for *pro-rata* dividends on account of the payments she had made.

I. The appellee has filed a motion to dismiss the appeal on the ground that appellants filed no pleading nor written objection nor exception to the report and application in the district court, and raised no issue from which they can appeal. The record fails to show that appellants filed any pleading, written objection or exception in the court below ; but it does show that the right of the administratrix to the allowance demanded was denied by appellants. They appeared in the proceeding, and offered evidence without objection. The court found and made of record certain material facts by their consent, and they excepted to the finding and order of the court. The court found that they were creditors of the estate, and that their claims were of the third class. Under these circumstances the appellee cannot now, for the first time, object that the appellants

1. ESTATES of decedents : orders : oral objections : appeal.

In re Est. of Wonn.

were not parties to the proceeding in the district court, and for that reason have their appeal dismissed. *Hervey v. Savery*, 48 Iowa, 322; *Davis v. Nolan*, 49 Iowa, 686; *Trayer v. Reeder*, 45 Iowa, 273; *Wire v. Foster*, 62 Iowa, 117; *Williams v. Wilcox*, 66 Iowa, 67; *Martyn v. Lamar*, 75 Iowa, 236.

II. It is not denied that the claims in question were valid as against the estate of decedent, and that

2. ——: payment of claims not filed : relief by order of court : priority.

they would have belonged to the third class had they been filed formally within six months from the date of the first publication of the notice of the appointment of an administratrix. It is not alleged that there was any fraud or improper intent on the part of the administratrix in paying them as she did. But appellants contend that, as they were not formally filed within the statutory period aforesaid, they cannot be treated as claims of the third class, and, since the estate is insolvent, they, as creditors of that class, are entitled to be paid in full before any payment can be allowed on the claims in suit. Section 2408 of the Code provides for the filing of claims, and for notice of the hearing thereof where they have not been approved by the administrator. When they have been so approved, they may be allowed by the clerk without such notice. Claims filed are to be entitled in the name of the claimant against the executor. Code, sec. 2409. When filed, and not expressly admitted in writing signed by the executor, with the approbation of the court, they are to be considered as denied without pleading on behalf of the estate. Section 2410. After the expiration of the time for filing claims of the third class the executors are required to proceed to the payment of claims. Section 2422. No claims of one class can be paid until those of a previous class are satisfied. Section 2424. Within their respective classes, claims are to be paid in the order in which they were filed. Section 2426. But, where the available funds are not likely to be sufficient to pay all the claims of any one class in full, *pro-rata* payment shall

be made. Section 2427. These provisions of the statute are designed, in large part, to enable parties interested to investigate claims made, that invalid ones may be rejected; to preserve such a record of claims presented as will fix the order of their payment; and to facilitate the settlement of estates. It is the duty of the executor to investigate all claims made, and to disallow those which for any reason should not be paid by the estate. He has no right to disapprove a valid claim, and should pay all claims duly approved in the order provided by statute. The claims in controversy were not filed with the clerk, but were presented to the administratrix, and approved by her, within the time prescribed for filing claims of the third class. They were valid claims, which neither the clerk nor court could then have disapproved. The material purposes of the statute were accomplished. A record had not been made, it is true; but the claims were, in effect, assigned to the class to which they belonged. The appellants do not claim that they have been in any manner prejudiced by the omission to file the claims with the clerk within the statutory period of six months, but insist that, by reason of that omission, they have acquired a vested right to a larger dividend than they will receive if the claims are allowed as of the third class. But, since the spirit of the statute has been complied with, we do not think they should be permitted to profit by the omission of a technical requirement which did not in any manner prejudice their interests. In making the payments in question, the administratrix assumed the burden of proving that the claims were valid, and should have been paid. She also incurred the risk of paying more than the assets of the estate would warrant, and is not entitled to an allowance for the amount she has disbursed in excess of the dividends which the court may order paid. But the payments were made on valid claims presented in time to be treated as of the third class, for the benefit of the estate, and we think the administratrix is

entitled to an allowance therefor to the amount of the dividends to which the claims treated as of the third class will be entitled. See *Crispin v. Winkleman*, 57 Iowa, 526; *Portman v. Klemish*, 54 Iowa, 198; *Lockhart v. White*, 18 Tex. 107; *Roberts v. Rogers*, 28 Miss. 154. The order of the district court is ·

AFFIRMED.

GRANGER, J. (*dissenting*)—I do not concur in the view that the spirit of the law has been complied with by the claimants, and that the deviations from the course prescribed in the law are technical. When we look to the fact that claimant is seeking a position of preference,—that is, asking a place among those whom the law prefers because of certain acts of diligence,—it would seem that the advantage could only be given upon compliance. The statutory requirements as to the presentation of claims are plain, and easy of observance. The rules have not been applied by the courts with technical nicety, but liberally, with a view to the full payment of claims where the assets of the estate are sufficient. This liberality is justified under a provision of the law permitting equitable considerations to control in certain cases. Code, sec. 2421. The legislature, in providing for the protection of claimants by such considerations, placed a limitation upon the authority of the court, by confining it to claims of the fourth class. A claim can only be of the third class by one designated act, and that is filing it "within six months after the first publication of the notice given by the executors of their appointment." Without the statute as to filing the claim within six months, it would be conceded that no preference could be given, but all claims must be paid alike. Then it is the statute that designates how one may be preferred. Without the statute, no equitable considerations could avail for such a purpose. It is to be kept in mind that it is a preference, an advantage, not a right, legally or equitably, until earned by doing the act designated by the law. Wherein the law grants

In re Est. of Wonn.

preferences or advantages because of certain acts, one can become its beneficiary only by doing the acts required. The law provides that parties who file their claims within six months after publication of notice shall be paid before those who file their claims after the six months. In this case the claims were not filed. The administratrix paid them without filing, which she had no legal right to do. The most that can be said in her favor is that by the payment she became the assignee or owner of the claims. If we should say she then had the power to do the act that would make them third-class claims, it still remains that she did not do it, and the fact that she relied upon the promise of others to do so would not change the legal effect. I do not see how she occupied a better position than the original claimants.

If they had neglected to file their claims within the time, they certainly would not be entitled to preference, and for the simple reason that they did not do the act necessary to entitle them to it. The present claimant paid the claims wrongfully,—that is, without observing the methods required by the law ; and the act necessary to make them third-class claims has never been done. Those who did observe the law, and file their claims within the time, now claim the full benefit of their diligence ; and, if this claimant is admitted to share with them, we have ingrafted on the law a provision certainly not within its letter, and, in my judgment, not within its spirit ; and, furthermore, I am convinced that it will be productive of much disturbance in the future settlement of estates. As I read the authorities cited in the majority opinion, they do not support the rule announced, as the holdings are upon facts materially different, having to do in the main with parties who are intermeddlers in an estate, and having no reference to facts that may give parties a preference in the order of payment. It seems to me the judgment should be reversed.