L. KELLS, Appellant, v. JOHN P. LEWIS and C. B. CONKEY, Executors, Etc.

Estates of Decedents: RANK OF CLAIMS. Code, 2421, entitling claimants to equitable relief, deals with fourth class claims alone, and no "peculiar circumstances" can change the relative rank of claims. *Brewster v. Kendrick*, 17 Iowa, 479, overruled. *In re Wonn's Estate*, 80 Iowa, 750, 45 N. W. Rep. 1063, distinguished.

SAME. At any rate, the fact that claimant is a nonresident and ignorant of Iowa statutes, would not, even, amount to any of the causes for which section 2421 may aid fourth class claims.

*Appeal from Dubuque District Court.*—HON. D. J. LENEHAN, Judge.

### THURSDAY, MAY 17, 1894.

THIS is a proceeding in probate. The plaintiff is a creditor of the estate of John P. Conkey, deceased. The defendants are executors of said estate. The plaintiff filed his claim against the estate in the form of a petition for its allowance. The defendants demurred to the petition. The demurrer was sustained, and plaintiff appeals.—*Affirmed.*

*W. J. Knight, Hubert O'Donnell* and *N. E. Utt* for appellant.

*Powers, Lacy & Brown* for appellees.

ROTHROCK, J.—It appears from the record that the estate of John P. Conkey is insolvent. The plaintiff's claim against the estate is founded on two promissory notes upon which said Conkey was an indorser. The claim was not filed within six months after the first publication of the notice given by the executors of their appointment. It was filed, however, within one year of the said publication of notice. The assets of the estate are not sufficient to pay the claims filed within six months, and within what is known as the third class of claims. The statute fixing the time of the priority of claims of creditors is as follows: Code, section 2420: "Other demands against the estate are payable in the following order: *First.* Debts entitled to preference under the laws of the United States. *Second.* Public rates and taxes. *Third.* Claims filed within six months after the first publication of the notice

given by the executors of their appointment. *Fourth*. All other debts. *Fifth*. Legacies." Section 2421: "All claims of the fourth of the above classes not filed and proved within twelve months of the giving of the notice aforesaid are forever barred unless the claim is pending in the district or supreme court, unless peculiar circumstances entitle the claimant to equitable relief." There is no controversy as to the right of the plaintiff to have his claim allowed as one belonging to the fourth class. The contention is that it should be allowed as of the third class, because of certain equitable circumstances set out in the petition. These circumstances consist of the fact that plaintiff is a resident of another state, and did not know that claims filed within six months were entitled to preference over those filed after that time and within one year. This fact alone would not be sufficient to authorize the allowance of the claim as one of the fourth class. *Roaf v. Knight*, 77 Iowa, 506, 42 N. W. Rep. 433. It is claimed, however, that plaintiff was misled and deceived by one of the executors through a promise that if he would not file his claim, but endeavor to collect the notes of the maker thereof, and should not succeed, he, the executor, would pay the claim in full; that plaintiff did endeavor to secure payment from the maker, and that by reason of the delay caused thereby the claim was not filed within six months. It is possible that proof of such facts might be sufficient to authorize an allowance of the claim as one of the fourth class; but that question we need not determine, as no objection is made by appellees to such an allowance. The only question in the case is, has the plaintiff a right to have his claim advanced, and included in those of the third class? We are united in the opinion that he has no such right. The statute appears to us to be express and conclusive on the question. The right to show equitable reasons for an allowance applies to

claims of the fourth class only.   Section 2421 provides
that "all claims of the fourth class"—that is, all claims
filed after six months, and which are not filed and
proved within twelve months—are barred, "unless
peculiar circumstances entitle the claimant to equit-
able relief."   The equitable relief can not be allowed
to advance the claim into the third class, but to
establish it as one belonging to the fourth class.   It
is true that in the case of *Brewster v. Kendrick*, 17
Iowa, 479, the court was equally divided upon this
question.   The opinion of the judges holding that
the claim should be advanced and made one of the
third class has never been followed in any case.   Some
of the reasoning has been approved, but its conclusion
has not, in any instance, been adopted.   It was held in
the case of *In re Wonn's Estate*, 80 Iowa, 750, 45 N.
W. Rep. 1063, by a majority of the court, that, where
an administratrix allowed and paid certain claims
within six months, with the understanding that the
claims should be filed with the clerk, which was
not done, she should be reimbursed for the money
paid, and allowed proper credit therefor.   The thought
of the opinion is that the claims were, in effect, approv-
ed, and assigned to the class to which they belonged.
We have no such a state of facts in the case at bar.
There is no question here whether an administrator
shall be reimbursed for actual payments of valid claims,
the payments being made in good faith.   Our conclu-
sion is that at the expiration of six months from the
giving of the notice the status of the estate is fixed as
to claims then on file, and no exception is made.

3     The advancement of a claim from the fourth to
the third class raises a question between creditors
as to priority, where an estate is insolvent; and, in our
opinion, the statute absolutely prohibits any such de-
mand by a fourth class creditor.   A large number of
cases have been determined by this court specifying what

equitable circumstances may entitle a creditor to relief, but the question has usually been between the claimant and the estate or administrator, without involving the rights of third class creditors; and it has always been held that the fact that the estate is solvent is a material consideration in favor of allowing the claim as one of the fourth class. As we determine the case on what we regard as the plain requirements of the statute, it is unnecessary to consider the arguments of counsel upon other questions. The judgment of the district court is AFFIRMED.