BROWN et al., Appellants, v. DALY, Executrix, Respondent.

(No. 2,208.)

(Submitted January 1, 1906. Decided February 26, 1906.)

*Executors and Administrators—Claims Against Estate—Presentation—Appeal—Pleadings—Parties—Actions—Appeal.*

Appeal—Complaint—Insufficiency—Amendments—Reversal.
 1. Where a complaint fails to state a cause of action, and it is apparent that it cannot be amended to do so, the judgment of the trial court in favor of defendant, alleged to be erroneous for other reasons, will not be reversed.

Contracts—Actions—Joint Parties.
 2. In an action brought by B. and wife for breach of an agreement to pay to them jointly a certain sum of money, the promisees are necessary parties plaintiff and their action can be joint only.

Executors and Administrators—Clause Against Estate—Presentation—Actions.
 3. Under Code of Civil Procedure, sections 2606, 2608 and 2610, a claim against an estate must first be presented to the executor or administrator for allowance or rejection before action can be brought to enforce such claim. B. and wife, in an action against the executrix of an estate for the breach of an agreement, entered into with them by decedent, to pay to them jointly a certain sum of money, alleged that each had presented to the executrix a separate claim for half the amount sued for and that the claims had been rejected: *Held,* that plantiffs, never having presented a joint claim against the estate, could not maintain a joint action based upon the presentation and rejection of their separate claims.

District Courts—Trial—Exclusion of Evidence.
 4. If the trial court's ruling upon the exclusion of evidence is correct, the reason upon which it is founded is immaterial.

*Appeal from District Court, Deer Lodge County; Geo. B. Winston, Judge.*

Action by Frank G. and Sadie J. Brown against Margaret Daly, executrix of the estate of Marcus Daly, deceased. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Messrs. Kirk & Clinton,* and *Mr. C. M. Sawyer,* for Appellants.

Any objections that might have been urged by defendant because of the introduction of a new cause of action in the amended

complaint were waived.    (1 Ency. of Pl. & Pr., p. 571; *Wheeler* v. *West,* 78 Cal. 95, 20 Pac. 45; *King* v. *Rea,* 13 Colo. 69, 21 Pac. 1084; *Wade* v. *Clark,* 52 Iowa, 158, 35 Am. Rep. 262, 2 N. W. 1039; *Hancock* v. *Johnson,* 1 Met. (Ky.) 242; *Wilson* v. *Jamieson,* 7 Pa. St. 126; *Busch* v. *Hagenrick,* 10 Neb. 415, 6 N. W. 474; *Turner* v. *Roundtree,* 30 Ala. 706.)

The objection must be specific; if it is based upon other grounds, the allowance of the amendment cannot be assigned as error on the ground that it sets up a new cause of action. (*Parsons Water Co.* v. *Hill,* 46 Kan. 145, 26 Pac. 412.)    By waiving the objection that the amended complaint stated a new cause of action, defendant voluntarily permitted the amended complaint, in so far as the time of filing is concerned, to relate back to the time of the filing of the original complaint.    And inasmuch as the defendant, by her own acts, has permitted the time of filing of the amended complaint to relate back to the time of filing of the original complaint, against which section 2608 had not run, she has thereby waived any objection which might have been urged under section 2608 of the Code of Civil Procedure to the cause of action contained in the amended complaint.    (*Mullen* v. *McKim,* 22 Colo. 468, 45 Pac. 416.)

By pleading generally to the whole cause of action, the specific objection that possibly might be urged against the claim of Sadie J. Brown was waived, and cannot now be considered.

In this connection, we also contend that the original action having been instituted in time, the omission of all necessary or proper parties would not affect it in its entirety.    The requirement of the statute that the action should be commenced and prosecuted within three months after rejection of the claims by the executrix was fully met.    The amendment making plaintiff, Sadie J. Brown, a party was not a new cause of action, but only a fuller statement of the original.    (*East Line etc. R. R. Co.* v. *Culbertson,* 72 Tex. 375, 13 Am. St. Rep. 805, 10 S. W. 706, 3 L. R. A. 570; *Martin* v. *Ihmsen,* 21 How. (U. S.) 394, 16 L. Ed. 134; *Bradford* v. *Andrews,* 20 Ohio St. 208, 5 Am. Rep.

645; *Agee* v. *Williams,* 30 Ala. 636; *Martin* v. *Young,* 85 N. C. 156.)

*Mr. C. F. Kelley,* and *Mr. A. J. Campbell,* for Respondent.

"The law will not tolerate the division of a joint right of action into several actions; the whole cause of action must be determined in one, and thus avoid a multiplicity of suits." (*Nightingale* v. *Scannell,* 6 Cal. 507, 65 Am. Dec. 525.)

A breach of an entire contract will entitle only one action or it will be considered that thereby the contract is entirely destroyed. (*Atwood* v. *Norton,* 27 Barb. 647; 15 Am. & Eng. Ency. of Pl. & Pr. 528; *McGilvary* v. *Moorehead,* 3 Cal. 267.)

The executrix had no right to waive the benefits of the statute of limitations which might be urged against a claim presented to the executor, administrator or judge for allowance. (Code Civ. Proc., sec. 2608; *In re Mouillerat's Estate,* 14 Mont. 245, 36 Pac. 185.) And if she could not have waived them herself by any direct act, by no possible argument can it be contended that her attorneys could waive for her a right which she herself could not have waived. (See, also, *Miner* v. *Aylesworth,* 18 Fed. 199; *Nagle* v. *Ball,* 71 Miss. 333, 13 South. 929; *O'Keefe* v. *Foster,* 5 Wyo. 343, 40 Pac. 525.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On October 5, 1901, Frank G. Brown and Sadie J. Brown each presented to the executrix of the estate of Marcus Daly, deceased, a claim, duly verified, for the sum of $5,775.00. Each of the claims was in substantially the same form, that of Frank G. Brown being as follows:

"Estate of Marcus Daly, Deceased, to Frank G. Brown, Dr.

"To (½) one-half interest of balance due for certain real estate and water rights sold to Marcus Daly, deceased, as per agreement made and entered into on the 1st day of November, 1897, and that thereafter deed was duly made and executed by

Frank G. Brown and Sadie J. Brown and delivered to Marcus Daly, deceased, for a consideration of Twenty-five thousand ($25,000.00) Dollars, conveying all the property mentioned in the said contract, and interest on the balance due at 10 per cent per annum from the 7th day of December, 1898, to and including the 16th day of October, 1901.

"Balance due on original contract..........$4,500.00
Interest on same at 10%.................. 1,275.00

$5,775.00.''

Each of these claims was disallowed by the executrix. On November 16, 1901, Frank G. Brown commenced an action in the district court of Deer Lodge county against Margaret Daly, as executrix of the last will and testament of Marcus Daly, deceased, to recover the amount of his individual claim, $5,775.00.

To the complaint filed the defendant interposed a general demurrer, and a special demurrer on the ground of a defect of parties plaintiff. This demurrer was confessed, and thereafter, on April 17, 1903, by leave of court and without objection from defendant, the plaintiff filed an amended complaint, joining Sadie J. Brown as party plaintiff, incorporating into the cause of action the claim of Sadie J. Brown, and demanding judgment for $11,550.00 and certain interest. This amended complaint alleged that in November, 1897, Frank G. Brown and Sadie J. Brown entered into an oral agreement with Marcus Daly, by the terms of which the plaintiffs were to convey to Mr. Daly certain property situated in Deer Lodge county, for which Mr. Daly agreed to pay them $25,000 upon the execution and delivery of a deed; that in December, 1898, the deed was duly executed and delivered, and $16,000, and no more, was paid to them on the purchase price. It is then alleged that there is a balance of $9,000 with interest from December 7, 1898, due to the plaintiffs, no part of which has ever been paid, and that of such balance Frank G. Brown owns an undivided one-half interest, and Sadie J. Brown the remainder. It is then

alleged that Marcus Daly died in November, 1900, and that Margaret Daly was named and appointed the sole executrix of his last will and testament and qualified as such; that she gave notice to creditors as required by law, and that each of these plaintiffs duly presented his claim as set forth above.

To this amended complaint a general demurrer was interposed, and overruled. Thereafter defendant filed an answer denying the material allegations of the complaint, and, as a separate defense, pleaded the bar of the statute of limitations. A reply was filed and the cause brought on for trial; whereupon the defendant objected to the introduction of any evidence on behalf of plaintiffs "upon the ground that it affirmatively appears from the pleadings in the cause that said cause is barred by the provisions of section 2608 of the Code of Civil Procedure of the state of Montana," which objection was sustained, and on motion of the defendant a judgment was rendered and entered in her behalf for costs, from which judgment this appeal is prosecuted.

The argument of appellants is directed entirely to the order of the district court in refusing to permit them to introduce any evidence, and it is contended that this action of the court was erroneous. Respondent contends that the action of the court in this regard was not erroneous; but whether it was or not is immaterial, for the complaint does not state a cause of action, and, therefore, the judgment will not be reversed. We are not so much concerned with the reason advanced by the trial court for its ruling, as we are with the ultimate question: Was the ruling correct?

It will not be necessary for this court to go as far as counsel in stating the rule, but it is sufficient for this case to say that where the complaint does not state a cause of action, and it is apparent that it cannot be amended to do so, the judgment of the trial court will not be reversed, for to do so would be idle. The same result must inevitably be reached. (3 Cyc. 420, and cases cited.)

The amended complaint only assumes to state a single cause of action, which is to recover $11,550, one-half of which is alleged to belong to Frank G. Brown and one-half to Sadie J. Brown. The cause of action arises out of the alleged breach, by Marcus Daly, of a contract entered into by him with Frank G. Brown and Sadie J. Brown, as set forth above. It is a general rule of law that "where a promise is made to two or more persons jointly, all the obligees must unite as plaintiffs in an action for a breach thereof, as the cause of action in such cases is joint only" (15 Ency. of Pl. & Pr. 528, and cases cited), except as otherwise provided in section 584 of the Code of Civil Procedure, which exception has no application in this case.

It appears that the promise of Mr. Daly, if made, was to pay to Frank G. Brown and Sadie J. Brown $25,000, and was not to pay any particular portion thereof to each of them, and it is therefore immaterial what interest each has in the claim. The promise was to them jointly, and in any action brought on account of a breach of such agreement, both Frank G. Brown and Sadie J. Brown were necessary parties and the action their joint action, which neither could maintain without joining the other. (9 Cyc. 703.)

It is also a rule of law that "no holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator, &ast; &ast; &ast; " (Code of Civil Proc., sec. 2610), and rejected directly or by refusing or neglecting to indorse its disallowance or rejection for ten days after its presentation. (Code of Civil Proc., sec. 2606.) Within three months after such rejection an action may be commenced to enforce such claim. (Code of Civil Proc., sec. 2608.) What claim? It goes without saying that it is the identical claim which was presented; otherwise the law would be a dead letter. If a party may present to the executor of an estate a claim founded upon the breach of a several contract, and upon its disallowance maintain an action against the estate for a breach of a joint contract, without presenting any claim founded

upon such breach, the statute would become at once of no efficacy whatever and its purpose would be circumvented.

The contract of Frank G. Brown and Sadie J. Brown with Marcus Daly was a joint contract. Their action for a breach of that contract must be a joint action. They never presented a joint claim against the estate, and therefore they cannot maintain this action, which is a joint action. As they cannot maintain several actions, because the contract sued upon was a joint contract, it does not appear that the complaint can possibly be amended to state a cause of action.

It is not necessary to consider whether the district court erred in excluding evidence upon the particular ground urged in the objection. If the court's ruling was correct, it is immaterial that it was founded upon an erroneous reason. Upon the ground that the complaint does not state a cause of action, the trial court's ruling was correct.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.

