VANDERPOOL, RESPONDENT, *v.* VANDERPOOL, EXECUTRIX, APPELLANT.

(No. 3,327.)

(Submitted January 7, 1914. Decided January 26, 1914.)

[138 Pac. 772.]

*Estates of Deceased Persons—Claims Against—Presentation—Executors and Administrators—Statutes—Variance—Failure of Proof—Waiver—Estoppel.*

Estates—Claims Against—Presentation—Statutes—Failure of Proof.

1. A claim against an estate founded upon a note or other instrument in writing must, under section 7529, Revised Codes, be accompanied by a copy of it, or, if the original be lost or destroyed, an affidavit must be appended stating such fact, and containing a copy of description of the writing. Under section 7532, the holder of such a claim cannot maintain an action on it unless the very claim sued upon has first been presented to the executor or administrator. While a claim presented to defendants as executrix did not purport to be based upon a promissory note, the complaint alleged, and the evidence showed, that it was. *Held*, that there was such a variance as amounted to a failure of proof.

[As to statement of claims in their presentation against the estate of decedent, see note in 130 Am. St. Rep. 311.]

Same—Complaint—When Insufficient.

2. A complaint in an action to recover on a claim against an estate fails to state a cause of action unless it expressly alleges that the claim as made was first duly presented to the executor or administrator.

Same—When Action will not Lie.

3. Statutes such as section 7525, Revised Codes, providing that claims against estates upon causes of action which sound in contract are barred unless presented within the time limited in the notice for their presentation, supersede the general statutes of limitations and compliance with their terms is essential to the maintenance of actions thereon.

Same—Presentation of Claim—Executors and Administrators—Attorneys—Waiver—Estoppel.

4. Neither an executor or administrator, nor an attorney for the estate, can waive any substantial right affecting the interests of the

heirs or creditors, nor can either be estopped by his conduct to their prejudice; hence an executrix was not estopped to contest a claim because of alleged misleading statements and assurances made by the attorney of the estate, which induced the claimant to omit compliance with the provisions of the statute prescribing the manner of presenting the claim.

*Appeal from District Court, Sanders County; R. Lee McCulloch, Judge.*

ACTION by Mrs. A. C. Vanderpool against Elizabeth A. G. Vanderpool, as executrix of Samuel L. Vanderpool, deceased. Judgment for plaintiff, and defendant appeals from it and an order denying her a new trial. Reversed and remanded.

*Messrs. Tolan & Gaines,* and *Mr. H. J. Burleigh,* for Appellant, submitted a brief; *Mr. R. F. Gaines* argued the cause orally.

We contend that a compliance with the requirements of section 7529, Revised Codes, demands that inasmuch as the foundation of the cause of action prosecuted by respondent was a promissory note, it was necessary for her to plead facts showing that the claim she presented was such a claim as the statute demands. The allegations in the complaint in this respect are insufficient to state a cause of action.

It certainly must appear that the claim sued on is the identical claim which was presented against the estate. (*Brown* v. *Daly,* 33 Mont. 523, 84 Pac. 883.) And as the right and the mode of recovery are provided by statute, the statute must be followed in order for a plaintiff to prevail; the pleadings and proof must bring such plaintiff within the statute. (*Menard* v. *Montana Cent. Ry. Co.,* 22 Mont. 340, 56 Pac. 592.)

This court has apparently never passed upon the question of the sufficiency of the presentation of a claim which is in fact founded upon a note, but which has not accompanying the claim a copy of the note or an affidavit explanation of its loss or destruction. In the case of *Dorais* v. *Doll,* 33 Mont. 314, 83 Pac. 884, it, however, gives implied approval to the contention that such a presentation is not sufficient. In Missouri there is found a pro-

vision somewhat similar to section 7529, *supra.* In the case of *Waltemar* v. *Schnick's Estate (Woltemahr* v. *Doye),* 102 Mo. App. 133, 76 S. W. 1053, it is said: "The exhibition of plaintiff's claim to defendant did not contain a copy of the note (the instrument of writing upon which her claim is founded) and for this reason was wholly insufficient under the statute." Again, in the case of *Britian* v. *Fender,* 116 Mo. App. 93, 92 S. W. 179, the same court held that compliance with the provisions of their section was jurisdictional, and if a claimant failed to follow any one of the required steps no jurisdiction of the cause was acquired by any court. Announcing the same general principle as stated in *Brown* v. *Daly, supra,* we find decisions from California, as follows: *Etchas* v. *Orena,* 127 Cal. 588, 60 Pac. 45; *McGrath* v. *Carroll,* 110 Cal. 79, 42 Pac. 466; *Morehouse* v. *Morehouse,* 140 Cal. 88, 73 Pac. 738. And construing a section of the California Codes which is practically identical with section 7529, *supra,* we find decisions as follows: *Bank of Sonoma County* v. *Charles,* 86 Cal. 322, 24 Pac. 1019; *In re Turner's Estate,* 128 Cal. 388, 60 Pac. 967.

That in cases of this character more satisfactory proof is required than in the ordinary action, it not being permitted to introduce testimony with reference to declarations of a deceased person of a self-serving character and wherein the evidence is almost entirely within the control of the plaintiff, see *Holmes* v. *Connable,* 111 Iowa, 298, 82 N. W. 780; *Wallace* v. *Rappleye,* 103 Ill. 229; *Graham* v. *Graham's Exrs.,* 34 Pa. 481; *Brewer* v. *Hieronymus,* 19 Ky. Law Rep. 645, 41 S. W. 310; *Rosseau* v. *Rouss,* 180 N. Y. 116, 72 N. E. 916; 18 Cyc. 530.

No appearance in behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The following promissory note is copied into the complaint and made the basis of plaintiff's cause of action:

"July the 15, 1908.

"I promise to pay to Mrs. A. C. Vanderpool one thousand dollars, $1,000, in three years from date, at 6 per cent interest.

"S. L. VANDERPOOL."

It is alleged that S. L. Vanderpool died testate on June 19, 1911; that the defendant is the duly appointed executrix of his last will and testament; that on August 26, 1911, plaintiff presented her claim for the amount then due on said note, which claim was rejected; and that the plaintiff is now the owner and holder of the note, no part of which has ever been paid. The answer denies the execution or delivery of the note, or any indebtedness due from the deceased to the plaintiff, and denies that any claim for the debt sued upon was ever presented to the executrix. It is further alleged affirmatively that plaintiff's cause of action, if any she ever had, is barred by the provisions of section 7525, Revised Codes. The reply is a general denial of the new matters contained in the answer. Upon the trial of [1] the cause plaintiff testified to the facts and circumstances surrounding the execution and delivery of the note; that no part of the debt evidenced by it had ever been paid, and that about August 17, 1911, she went to the office of Mr. H. J. Burleigh, attorney for the estate, which office was designated in the notice to creditors as the place for the presentation of claims against the estate; that she was informed by Mr. Burleigh that he was the attorney for the estate, and as such could not act as her attorney in preparing her claim in statutory form, but that as a mere matter of accommodation and gratuitously he would prepare her claim for her; that he did prepare *a claim;* and that she verified it and left it with him, and in a short time thereafter was notified that it had been disallowed and rejected. As to what further took place in Mr. Burleigh's office at that time, the witnesses speak for themselves. Plaintiff testified that she informed the attorney that her claim was founded upon a promissory note, but that the note had been mislaid and she could not find it at that time; that shortly after her claim was rejected she found the note, a copy of which is set forth above, and notified

Mr. Burleigh of the fact; that he came to her house, secured the note, and, after keeping it a day or more, returned it to her, with the assurance that she would have no trouble getting her money. Mr. Burleigh testified that when the plaintiff came to his office and asked him to prepare her claim in statutory form, he inquired of her particularly whether she had any note or other writing evidencing the debt; that she informed him that she did not have, and that it was after the claim was rejected, and after plaintiff had been notified, that she then informed him for the first time that she had a note, and that he told her if it was all right she would doubtless receive her money without trouble. Much of the time of the trial was devoted to receiving evidence touching the genuineness of the signature to the note sued upon. The trial resulted in a judgment in favor of plaintiff, and from that judgment and an order denying a new trial, the defendant has appealed.

We have omitted all references to those portions of the evidence which tend to weaken the plaintiff's case as exhibited under the view most favorable to her, as well as all references to testimony tending to defeat her claim or to corroborate Mr. Burleigh. For the purposes of this appeal we may assume that the jury found specifically that plaintiff's version of her transactions with the attorney is correct, and that the evidence is sufficient to sustain that finding. Section 7529, Revised Codes, in treating of claims for presentation against an estate, provides: "If the claim be founded upon a bond, bill, note or other instrument, a copy of such instrument must accompany the claim, and the original must be exhibited if demanded, unless it be lost or destroyed, in which case the claimant must accompany his claim with his affidavit containing a copy or particular description of such instrument, and stating its loss or destruction." Compliance with these provisions involves no difficulty, and a court cannot say that anything less than substantial compliance upon the part of the claimant meets the requirements. It is not within the power of a court either to repeal or amend this section. The only claim which was presented by the plaintiff against this estate, omitting merely formal portions, reads as follows:

"Estate of Samuel L. Vanderpool, Deceased, to Caroline E.
                          Vanderpool, Dr.

"1908, July 15.  'To money loaned deceased to be re-
                      paid in 3 years with interest at
                      the rate of 6 per cent per annum.$1,000 00
                      Interest from July 15, 1908, to Au-
                      gust 15, 1911 .................     185 00

                      Total amount due to August 15,
                      1911 .......................$1,185 00"

This does not purport to be founded upon any instrument in
writing. It does not contain any copy, and neither was it ac-
companied by an affidavit containing a copy or a particular
description of any instrument, or any statement that the instru-
ment upon which the claim was founded had been lost or de-
stroyed. The statute further provides: "No holder of any claim
against an estate shall maintain any action thereon, unless *the
claim* is first presented to the executor or administrator."
(Sec. 7532, Rev. Codes.) The only exception to this rule is in
favor of one whose claim is secured by mortgage or lien, and
who does not seek a deficiency judgment against the estate.
What claim is it which must be presented under this section?
The identical one sued upon. A party cannot present a claim
founded upon an open account and then maintain an action
upon a promissory note, or *vice versa* (*Brown* v. *Daly,* 33
Mont. 523, 84 Pac. 883; *Waltemar* v. *Schnick's Estate* (*Wolte-
mahr* v. *Doye*), 102 Mo. App. 133, 76 S. W. 1053) ; and, if he
attempts to do so, the result is such a variance as amounts to
a failure of proof. (*Etchas* v. *Orena,* 127 Cal. 588, 60 Pac. 45.)

So imperative is the statute above that, in the absence of an
[2] express allegation that the plaintiff duly presented the
claim sued upon, the complaint fails to state a cause of action
altogether. (*Fratt* v. *Hunt,* 108 Cal. 288, 41 Pac. 12; *Morse* v.
*Steele,* 149 Cal. 303, 86 Pac. 693; 18 Cyc. 991.) Plaintiff ap-
parently appreciated this rule, for in her complaint she alleges
due presentation of her claim founded upon the note above;

her proof, however, fails to sustain her pleading. She has not appeared in this court at all, and we are not aided by any brief submitted in her behalf.

We infer from the record, however, that the trial court proceeded upon the theory that if plaintiff was led into error in [3] filing her claim, by the attorney for the estate, the estate itself is estopped to deny that the claim was presented as required by law. Section 7525, Revised Codes, provides that: "All claims arising upon contracts, whether the same be due, not due or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever." These statutes of nonclaim are special in character; they supersede the general statutes of limitations, and compliance with their requirements is essential to the foundation of any right of action against an estate upon a cause of action which sounds in contract. The executor or administrator is in effect a trustee of the funds of the estate for the benefit of the creditors and heirs, and cannot waive any substantial right which materially affects their interests, and, for the same reason, cannot be estopped by his own conduct. He cannot, by failure to plead the statute of nonclaim as against one who sues upon a claim which has not been properly presented, preclude the heirs or other creditors of the estate from setting it up upon settlement of his accounts (*In re Mouillerat's Estate,* 14 Mont. 245, 36 Pac. 185), and he renders himself personally liable for *devastavit* in case of payment of such a claim. While an equitable estoppel might be invoked as against an executor or administrator so far as his individual interest in the estate is concerned, it cannot operate to the prejudice of the heirs or other creditors. Even his misleading statements, his assurances or his conduct which induces a creditor to omit compliance with the statute, will not operate to estop him from contesting the claim upon the ground of noncompliance. The reason for these rules ought to be manifest at once, and with reference to them there is substantial unanimity of opinion among the authorities. (2 Woerner's

American Law of Administration, sec. 387; *Kells* v. *Lewis*, 91 Iowa, 128, 58 N. W. 1074; *Spaulding* v. *Suss*, 4 Mo. App. 541.)

In *Nagle* v. *Ball*, 71 Miss. 330, 13 South. 929, the court said: "The administrator cannot waive the absolute bar created by statute for the protection of estates of decedents. He cannot abrogate a positive rule of law requiring probate of claims within the prescribed period by conduct of his own, however misleading or designing. The creditors were bound to obey the plain requirements of the statute. They, as all others, were supposed to know the law prescribed for their guidance. But if they did not, and the administrator advised or induced them to omit to probate their claims, * * * where is the authority to be found for exempting them from the operation of a positive statute which is universal in its application?"

If the estate would not have been bound by the same representations as are alleged to have been made by Mr. Burleigh, if they had been made by the executrix, for the stronger reason it was not estopped by the acts of the attorney, who has no authority whatever in passing upon claims, or in allowing or rejecting them.

In failing to present the identical claim sued upon, plaintiff has suffered the penalty provided in section 7525 above, and we cannot change that statute in order to relieve her from the hardships, if any, which this conclusion imposes. If she has any cause of action which she can now assert, it must be one against Mr. Burleigh and not against this estate.

For the reason that the evidence fails to support the verdict, the judgment and order are reversed, and the cause is remanded, with directions to dismiss the complaint.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.