HARWOOD, APPELLANT, *v.* SCOTT, ADMX., RESPONDENT.

(No. 4,071.)

(Submitted December 13, 1919.   Decided January 2, 1920.)

[186 Pac. 693.]

*Estates of Deceased Persons—Claims Against—Executors and Administrators — Actions on Rejected Claims — Variance— Witnesses—Competency.*

Executors and Administrators—Claim Against Estate—Action on Claim— Witnesses—Competency.
1.   An attorney is competent to testify in his action against an administrator to recover fees for services rendered the estate as to transactions between himself and the decedent, the district court being granted discretion by section 7891, Revised Codes, to permit such testimony when, without it, injustice will be done, and qualified to verify his claim against the estate.

Same—Disallowance of Claim—Action—Complaint.
2.   Where a claim against an estate is disallowed by the executor or administrator, the suit brought by the claimant must be upon the identical claim presented for payment.

Same—Presentation of Claim—Sufficiency.
3.   If the presentation of a claim against an estate, which was rejected, advised the executor or administrator of its nature, the amount claimed, and was explicit enough to bar another action on the same demand, it was sufficient; an observance of the technical rules of pleading not being required.

Same—Presentation of Claim—Complaint—Variance—What Does not Constitute.
4.   Where the only difference between a claim presented to and rejected by an administrator, and the complaint in an action on the rejected claim, was one of phraseology and not of substance, the district court was not warranted in dismissing the action on the ground of fatal variance between the claim and the complaint.

*Appeal from District Court of Silver Bow County; J. J. Lynch, Judge.*

ACTION by E. N. Harwood against Sibyl Scott, as administratrix of the estate of Rachel E. Williams, deceased.   Verdict for plaintiff, who appeals from that part of the judgment which dismisses the first of his three causes of action.   Reversed and remanded.

Cause submitted on briefs of Counsel.

*Mr. J. A. Poore,* for Appellant.

Must a claim against an estate, presented to the executor or administrator for allowance, state all material facts whereby the obligation embraced therein was created and exists? The authorities cited below, and in fact all authorities found on that subject, although only more recent ones directly in point are cited, give a negative answer to that question. (*Estate of Swain,* 67 Cal. 637, 8 Pac. 497; *Pollitz* v. *Wickersham,* 150 Cal. 238, 88 Pac. 911; *Elizalde* v. *Murphy,* 163 Cal. 681, 126 Pac. 978; *Goltra* v. *Penland,* 42 Or. 18, 69 Pac. 925.)

It is held that the statutes on the subject here under consideration should be liberally construed and applied as "remedial statutes." (*Empire State Min. Co.* v. *Mitchell,* 29 Mont. 55, 74 Pac. 81; *Dorias* v. *Doll,* 33 Mont. 314, 83 Pac. 884; *Cullerton* v. *Mead,* 22 Cal. 95, 96.)

*Mr. J. E. Healy,* for Respondent.

Plaintiff was incompetent to testify against deceased. (Rev. Codes, sec. 7891, subds. 3 and 4; sec. 7892, subd. 2; *Delmoe* v. *Long,* 35 Mont. 139, 149, 88 Pac. 778; *Munger* v. *Myers,* 96 Kan. 743, 153 Pac. 497; *Vance* v. *Whitten,* 51 Okl. 1, 151 Pac. 567; *Brown* v. *Brown,* 96 Kan. 510, 152 Pac. 646; *Wheatley* v. *Kissinger,* 61 Colo. 264, 156 Pac. 1099; *Pearson* v. *Parsons,* 173 Cal. 331, 159 Pac. 1171; 18 Cyc. 886–888.)

The plaintiff being incompetent as a witness could not verify the claim, and his attempted verification was a nullity.

The same claim must be sued upon as was presented, none other, and the cause of action must be within the presented claim. (*Brown* v. *Daly,* 33 Mont. 523, 84 Pac. 883; *Vanderpool* v. *Vanderpool,* 48 Mont. 448, 138 Pac. 772; *Barthe* v. *Rogers,* 127 Cal. 52, 59 Pac. 310; *Lichtenberg* v. *McGlynn,* 105 Cal. 45, 38 Pac. 541; *Stockton Sav. Bank* v. *McCown,* 170 Cal. 600, 150 Pac. 985.) Knowledge on the part of the administrator does not affect the proper presentation of a claim, just as if no such knowledge existed. (18 Cyc. 886, note 19.)

The claim presented was not put upon the basis of an action or claim for the reasonable value of the services or upon an account stated or upon the basis of submission to arbitration. It was based upon the false and untenable ground that the judgment and decree and order of the court were in favor of Harwood and against the estate of Rachel E. Williams. And this was upon a matter of which the probate court had no jurisdiction as between Harwood and Rachel E. Williams, and this was particularly true, as far as the presented claim showed, and by this presented claim the legal representative was bound. (*Briggs* v. *Breen,* 123 Cal. 657, 56 Pac. 633, 886; *Hicox* v. *Graham,* 6 Cal. 167; *Henry* v. *Superior Court,* 93 Cal. 569, 572, 29 Pac. 230; *Stevens* v. *San Francisco etc. R. R. Co.,* 103 Cal. 254, 37 Pac. 146; *Estate of Kruger,* 123 Cal. 391, 55 Pac. 1056; *Sullivan* v. *Lusk,* 7 Cal. App. 186, 94 Pac. 91, 92; *Hickman-Coleman Co.* v. *Leggett,* 10 Cal. App. 29, 100 Pac. 1072; *Brown* v. *Quinton,* 80 Kan. 44, 18 Ann. Cas. 290, 25 L. R. A. (n. s.) 71, 102 Pac. 242; *Golden Gate Undertaking Co.* v. *Taylor,* 168 Cal. 94, Ann. Cas. 1915D, 742, 52 L. R. A. (n. s.) 1152, 141 Pac. 922, 924; 18 Cyc. 273.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On August 14, 1906, Rachel E. Williams, as administratrix of the estate of Henry Williams, deceased, filed in the district court of Silver Bow county her fourth annual report and account, in which she recited, among other things: "Aug. 12th. By amount due E. N. Harwood, for services and counsel as attorney, rendered on behalf of the estate of Henry Williams, in [cases pending, *etc.*] from Aug. 12th, 1905, to Aug. 12th, 1906, subject to allowance of the above-entitled court, Voucher No. 763 ...... $1,800.00." The account was finally submitted to the court on February 5, 1906, and by the court taken under advisement. On March 3, Rachel E. Williams died, and thereafter the court rendered its decree settling and allowing the said account, and caused the decree to be entered *nunc pro tunc*

as of February 18, 1906. In its said decree the court made the following findings and order: "The sum of $1,800 is a reasonable and just amount to be allowed said administratrix for the services rendered by her said attorney during the period mentioned   *   *   *   and the credit of said $1,800 ought to be and is hereby allowed the administratrix as reasonable compensation for the said services rendered by the said attorney on behalf of the estate, as specified in the account   *   *   *   ."

On May 16, 1916, the defendant, Sibyl Scott, was appointed administratrix of the estate of Rachel E. Williams, and on October 10, 1916, being within the time allowed by law, Harwood filed a claim with said administratrix against the estate of Rachel E. Williams, verified by himself by affidavit conforming to the statutory requirements, which claim recited: "For the principal amount allowed to said *E. N. Harwood* by decree and order of the above entitled court, as entered Feb. 18th, 1906, a copy of which is hereto attached, for legal services rendered by him for and on behalf of the said Rachel E. Williams, as administratrix of the estate of Henry Williams, deceased, prior to the said date, for which she received credit in her account as administratrix, approved and allowed by the court, but said sum and no part thereof has been paid to the said E. N. Harwood......$1,800.00." For interest on the principal sum; for $500 for services from August 12, 1906, to the date of the death, of said Rachel E. Williams, rendered for the estate, and an additional claim for $500 for professional services rendered said Rachel E. Williams personally, during the same period, with interest on each of the latter sums claimed.

This claim being deemed disallowed, Harwood commenced action within three months, stating three separate causes of action, the first for the $1,800 with interest; the second for $500 with interest; and the third for $500 with interest.

A general demurrer was interposed and overruled; whereupon an answer was filed, denying generally the allegations of the complaint, and pleading, as a special defense, that all the

indebtedness of Rachel E. Williams to plaintiff, had been discharged by payment, which was controverted by reply.

On the trial, the court excluded all evidence as to the first cause of action, and, finally, by order, dismissed the first cause of action, on the ground and for the reason that "the claim alleged in the complaint is different from the claim filed with the administratrix; that the claim filed with the administratrix was based on an order or decree of court; that the claimant assumed that it was a judgment in his favor and acted accordingly. * * * That the claim sued upon is not a claim on a judgment, but upon an express contract for services rendered." The parties thereupon proceeded to trial upon the second and third causes of action, resulting in verdict for plaintiff. Plaintiff appeals from that portion of the judgment dismissing his first cause of action.

The charging part of the first cause of action stated as follows: "3. That during said period of time from the twelfth day of August, 1905, to the twelfth day of August, 1906, plaintiff, at the special instance and request of said Rachel E. Williams, as said administratrix and under employment by her as her attorney and counselor at law as administratrix, rendered and performed professional legal services and counsel * * * in and about matters and things appertaining to said estate * * * , mentioned in the fourth annual account and report of said * * * administratrix * * * and mentioned in the decree of said court thereafter duly made * * * , a copy of which * * * marked Exhibit 'A' is hereto annexed as a part hereof.

"4. That * * * said Rachel E. Williams promised and agreed to pay plaintiff the sum of $1,800, or whatever portion thereof said court * * * found to be reasonable and just * * * at the time said court by its decree settled and approved said account. * * * And said Rachel E. Williams stated in her said account that there was due plaintiff the sum of $1,800 for said legal services. * * * .

"5. That in said decree and order said court found   *   *   * that said sum of $1,800 is a reasonable and just amount," *etc.* (quoting the language of the order).

That, by said agreement and the order and decree of the court, the said sum became due and payable to plaintiff from Rachel E. Williams, and that no part thereof has been paid.

The respondent contends: (1) That plaintiff was incompetent, under sections 7891, 7892, Revised Codes, to testify, and therefore incompetent to verify his claim, and the claim as presented was therefore as though not verified and invalid. (2) That the claim sued upon was not the claim presented to the administratrix, and therefore the judgment of the court in dismissing the case as to the first cause of action was correct.

1. With reference to counsel's first contention, he has evidently overlooked the fact that section 7891, Revised [1] Codes, was amended February 28, 1913, before the filing of the claim, by granting to the court discretion to permit testimony concerning direct transactions between the parties named in the section, "when it appears to the court that without the testimony, injustice will be done." (Laws 1913, p. 57.) The contention is without merit; the claimant was qualified under the law to verify his claim, and, on a trial on its merits, might either have proven his case without taking the stand himself, or he might have secured permission of the court to testify as to transactions between himself and decedent.

2. In upholding the action of the trial court, dismissing the first cause of action, it is claimed by the respondent that the presentment was what was erroneously assumed to be of a judgment in favor of the claimant, while the suit was upon an account stated or for the reasonable value of the services rendered, and relies upon the following cases: *Brown* v. *Daly,* 33 Mont. 523, 84 Pac. 883; *Vanderpool* v. *Vanderpool,* 48 Mont. 448, 138 Pac. 772; *Barthe* v. *Rogers,* 127 Cal. 52, 59 Pac. 310; *Lichtenberg* v. *McGlynn,* 107 Cal. 45, 38 Pac. 541; and *Stockton Savings Bank* v. *McCown,* 170 Cal. 600, 150 Pac. 985. We think, however, that a careful examination of these cases and

other authorities construing similar claims and demands will disclose the distinction between those cases wherein there is found to be a fatal variance between the claim presented and the claim upon which suit was brought, and actions wherein there appears merely an immaterial variance in form or phraseology in the claim and the complaint.

It is unquestionably the law that the holder of a claim against an estate must present it to the administrator within the time [2] prescribed (Rev. Codes, sec. 7532), and, if disallowed, suit must be brought upon the identical claim presented; and this court has so declared in the cases of *Brown* v. *Daly* and *Vanderpool* v. *Vanderpool,* cited above. However, in each of these cases, the claim sued upon was clearly a different claim from that presented to the administrator.

In *Brown* v. *Daly,* plaintiff and his wife held a joint contract. Each presented a claim to the administrator for a sum alleged to be due, being one-half of the amount that would have been due on the joint contract. They thereafter sued jointly on the entire contract. The court held that "where a promise is made to two or more persons jointly, all obligees must unite as plaintiffs in an action for the breach thereof, as the cause of action in such cases is joint only" (15 Ency. Pl. & Pr. 528, and cases cited); that the claim must be presented and rejected, and claimant may then bring suit upon the claim. The court then proceeds: "What claim? It goes without saying that it is the identical claim which was presented; otherwise the law would be a dead letter. If a party may present to the executor of an estate a claim founded upon the breach of a several contract, and upon its disallowance maintain an action against the estate for a breach of a joint contract, without presenting any claim founded upon such breach, the statute would become at once of no efficacy whatever and its purpose would be circumvented."

In the *Vanderpool Case,* the claim presented was based upon an open account for money loaned; the suit was brought upon a promissory note.

In *McGrath* v. *Carroll,* 110 Cal. 79, 42 Pac. 466, claim was presented upon a simple money demand; suit was brought for moneys held and received by deceased in trust for plaintiff. And in each of the California cases cited, the facts clearly disclosed that the claim sued upon was not the identical claim presented to the executor or administrator.

Each case must be determined on its own peculiar set of **[3]** facts. Not every variance between the claim presented and the allegations of the complaint is fatal to recovery. (Ross on Probate Law & Practice, 555.) No particular form of presentation is required; it is sufficient "if the presentation advises the administrator or executor, of the nature of the claim and the amount, and shows enough to bar another action on the same demand." (*Hamilton* v. *Blakeney* (Okl.) 165 Pac. 141.) Nor does the law contemplate that "the technical rules of pleading shall be observed in stating claims against an estate of decedents," but only that "the presentation should disclose a *prima facie* right to recovery and should have a tangible form and substance such as will enable the executor or administrator to act intelligently." (11 R. C. L., sec. 214, and cases cited.)

In the case of *Hamilton* v. *Blakeney,* cited above, plaintiff had presented to the administrator a claim for services as attorney in several cases, merely giving, in the claim, the title of the case and the amount of attorney's fees charged; in his complaint and second cause of action, plaintiff sued as upon an express contract for services. It was urged on behalf of defendant that the claim presented was a statement of an open account, on *quantum meruit,* and that the action was brought on an express contract, and that such action was a departure from the claim presented. The court, after reviewing the cases cited in support of the contention, disposed of the matter as follows: "It is true that in an action against the estate of a decedent, it is necessary for the plaintiff to show that the claim has been properly presented to the administrator or executor of said estate and rejected, and that the recovery must be upon the same causes of action as were set up in the claim. In Ross,

Probate Law & Practice, 555, it is said: 'A creditor cannot come into court and allege and prove another or different contract or cause of action than the one stated in his claim. Of course not every variance is fatal. The statement of facts in the complaint additional to those set forth in the claim is unobjectionable, when they are merely explanatory of the demand and do not change the cause of action.' The claim presented to the defendant showed that the plaintiff claimed that the estate of decedent was liable to him for attorney's fees in the respective cases described in the claim. The claim against an estate required to be filed by our statute need not be in any particular form. If it advises the administrator or executor of the nature of the claim and the amount demanded, and shows enough to bar another action for the same demand, it is sufficient. Upon the rejection of the claim by the executor, without a demand for further information, or of exhibits or proof of the claim, the plaintiff was entitled to maintain an action for the amount of his claim upon a contract, either express or implied. * * * We do not think the claim presented differs so much from the cause of action sued on, in the absence of demand for more specific information * * * as to constitute a fatal variance." To the same effect, see *Estate of Swain,* 67 Cal. 637, 8 Pac. 497; 18 Cyc. 480; *Selna* v. *Selna,* 125 Cal. 357, 73 Am. St. Rep. 47, 58 Pac. 16; *Dorais* v. *Doll,* 33 Mont. 314, 83 Pac. 884.

Testing the claim of appellant and the recitals of his first [4] cause of action by the rules laid down, we find that his claim advised the administratrix of the nature of the claim, the amount claimed, and was sufficiently explicit to be an effectual bar to another action on the same demand, should the appellant's first cause of action be disposed of on its merits.

The chief objection to the claim is as to the showing made of the nature of the demand. The respondent interprets the claim, as to the first cause of action, as though it read: "I have a judgment for the sum of $1,800, and interest at the legal rate of 'allowed by said decree' in the sum of $1,392," and the court,

in dismissing the said first cause of action, adopted that interpretation. We do not think that a reading of the claim as presented, warrants such assumption. It is true that the claim reads, "For the principal amount allowed to said *E. N. Harwood* by the decree and order of the above entitled court," *etc.;* but it further recites, "for which she [Rachel E. Williams] received credit in her account as administratrix, approved and allowed by the court."

The complaint declares on the same contract set up in the claim presented, recites the making, filing and presentation of her account to the court, and the order and decree of the court approving and allowing the said amount of $1,800 to the administratrix for the services so rendered by appellant. Appellant attached, not only to the claim, but to the complaint a copy of the account and decree of settlement and allowance, as a part of each instrument; it was one and the same claim, to-wit, the claim of appellant for the sum of $1,800 alleged to be due for services to Rachel E. Williams, as administratrix, for the period named, allowed and approved by the court.

While there is a difference in the wording of the claim and the recitals of the first cause of action, the difference is one merely of phraseology and not of substance, and we do not consider that there is such a departure as to constitute a fatal variance.

That portion of the judgment of the trial court dismissing said first cause of action is reversed, and the cause remanded for the proper trial of the said cause of action.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.

Rehearing denied January 23, 1920.